IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAMIKA PRESSLEY** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 21-3641** |
| **v.** | : | |
| | : | |
| **EXETER FINANCIAL CORP,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                       JULY 22, 2022

## MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff Tamika Pressley ("Pressley") filed an amended complaint[1] in which she alleges that Defendant Exeter Financial Corp ("Exeter"),[2] in its attempts to collect debts from Pressley, violated the Federal Trade Commission Act, 15 U.S.C. § 45 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* [ECF 8]. Presently, before this Court is Exeter's motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the grounds that (1) there is no private right of action under the Federal Trade Commission Act and (2) Exeter is not a "debt collector" subject to the Fair Debt Collection Practices Act. [ECF

---

[1] In her initial complaint, Pressley asserted claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227. [ECF 2, 2-1]. In response to Exeter's motion to dismiss, [ECF 7], Pressley filed an amended operative complaint that no longer contained a Telephone Consumer Protection Act claim and, instead, included a new claim under the Federal Trade Commission Act. [ECF 8].

[2] Pressley also named Exeter's parent entity, Enzo Parent, LLC ("Enzo"), as a Defendant in this matter. On December 2, 2021, this Court ordered the United States Marshal for the Eastern District of Pennsylvania (the "U.S. Marshal") to serve Enzo. [ECF 10]. Said service was effectuated on June 23, 2022. [ECF 14].

1

12]. Notably, Pressley has not responded to Exeter's motion to dismiss. For the reasons set forth, Exeter's motion is granted.

**BACKGROUND**

In the operative complaint, Pressley avers that Exeter made "false or misleading" representations that "constitute deceptive acts or practices" in violation of § 45(a) of the Federal Trade Commission Act, (the "FTCA"). (Am. Compl., ECF 8, at p. 7). Specifically, as to her FTCA claims, Pressley contends that Exeter:

- represented that it would "prevent the placement of calls to telephone numbers to collect debts," and that it would "not place calls to telephone numbers to collect debts, after Plaintiff at those numbers stated that the numbers are not Plaintiff'[s] numbers"; and

- did not take "the steps [it] promised to take to prevent the placement of calls" and has continued to place calls to those telephone numbers to collect debts.

(*Id.*). Pressley further avers that Exeter's alleged violations of the Fair Debt Collection Practices Act, (the "FDCPA"), also constitute deceptive acts or practices in violation of the FTCA under § 1692l(a) of the FDCPA. (*Id.* at p. 8). As to her FDCPA claims, Pressley avers that Exeter:

- engages "in consumer debt collection activities throughout the United States," (*id.* at p. 6);

- "regularly attempt[ed] to collect debts by contacting Plaintiff via telephone, U.S. mail, and other instrumentalities of interstate commerce," (*id.*);

- called Pressley "multiple times per day" over "an extended period of time," leaving voicemail messages that Exeter was a debt collector, was attempting to collect a debt, or that Pressley owed a debt, (*id.*);

- "used false, deceptive, or misleading representations or means" in violation of § 1692e of the FDCPA, (*id.* at p. 8);

- "communicated more than once" with someone other than Pressley for the purpose of obtaining Pressley's location "without a reasonable belief that the person's previous denial of knowledge" of Pressley's location "was erroneous or incomplete" in violation of § 1692b(3), (*id.* at p. 9);

- communicated with Pressley about debt collection at an inconvenient time and at her place of employment even though Exeter knew or "had reason to know" that Pressley's employers prohibit her "from receiving such communication" in violation of § 1692c(a), (*id.* at pp. 9–10);

- communicated about a debt with someone other than Pressley, a consumer reporting agency, the creditor, or their attorneys without Pressley's permission in violation of § 1692c(b), (*id.*);

- communicated with Pressley about a debt after Pressley notified Exeter in writing that she wished Exeter to "cease further communication" in violation of § 1692c(c), (*id.* at p. 11); and

- caused "telephones to ring" and "repeatedly or continuously" engaged Pressley in telephone conversation, "the natural consequence of which [was] to harass, oppress, or abuse" in violation of § 1692d, (*id.* at p. 12).

In the amended complaint, Pressley does not allege specific facts to support her FDCPA claims; facts such as (1) the nature or amount of the debt at issue; (2) whether she disputed the debt; (3) the dates and times she received communications from Exeter; or (4) any accounts that reflect inaccurate information about her.

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Pressley is proceeding *pro se*, the Court must "construe [her complaint] liberally and hold it to 'less stringent standards than formal pleadings drafted by lawyers.'" *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However,

"pro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

At the motion-to-dismiss stage, courts "typically may not look outside the four corners of the amended complaint." *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 173 (3d Cir. 2013). However, courts may consider "documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1357 (3d ed. 2004)). A document is integral to a claim if the claim is based on the document. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *see also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document").[3]

---

[3] While Pressley attached exhibits to her original complaint, she removed the factual allegations that referred to the exhibits and did not reattach the exhibits to the amended complaint. [*See* ECF 2-1, at p. 8]. Although *Buck* allows consideration of "items appearing in the record of the case," 452 F.3d at 260, the United States Court of Appeals for the Third Circuit (the "Third Circuit") has since held that "[t]he amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *W. Run*, 712 F.3d at 171 (internal quotations omitted). This rule applies even to *pro se* plaintiffs. *See Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) ("While we appreciate the District Court's apparent intent to analyze [Plaintiff]'s best case for withstanding dismissal, in light of his *pro se* status, liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings."); *Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (applying the *West Run* holding to *pro se* plaintiff); *Felder v. Colvin*, 2019 WL 6348229, at *2 n.5 (E.D. Pa. Nov. 26, 2019) (same).

Courts have considered exhibits attached to an original complaint but not attached to the subsequent amended complaint when plaintiffs refer to or rely on the initial complaint's exhibits in the amended

**DISCUSSION**

As noted, in the motion to dismiss, Exeter argues that (1) there is no private right of action for violations of the FTCA and (2) Exeter is not a "debt collector" subject to the FDCPA. Pressley has not responded to Exeter's motion to dismiss. Nonetheless, this Court will address each of Exeter's arguments separately.

### *Plaintiff's Federal Trade Commission Act ("FTCA") Claim*

At Count I of the amended complaint, Pressley purports to assert a claim under the FTCA. The FTCA prohibits "persons, partnerships, or corporations" from using "unfair methods of competition" and "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a). Exeter argues that Pressley's FTCA claim must be dismissed because the Act does not provide a private right of action. This Court agrees.

The FTCA does not explicitly provide that an individual can bring a civil action. Instead, the FTCA expressly provides enforcement power to the Federal Trade Commission (the "FTC" or "Commission"). Specifically, § 45(a)(2) provides: "The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations . . . from using . . . unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(2). Further, § 57b provides that "[i]f any person, partnership, or corporation violates any rule under this subchapter respecting unfair or deceptive acts or practices . . . then *the Commission* may commence a civil action . . . ." (*Id.* (emphasis added)). Though the Third Circuit has not directly addressed this issue, relying on this language and the absence of any other language providing a private right of action, other

---

complaint. *See, e.g.*, *Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Educ.*, 226 F. Supp. 3d 435, 444 n.2 (E.D. Pa. 2017) (considering initial exhibits because plaintiffs referred to them in the amended complaint); *DeFebo v. Andersen Windows, Inc.*, 2009 WL 3150390, at *1 n.1 (E.D. Pa. Sept. 24, 2009) (same). Here, Pressley's amended complaint does not refer to her original complaint or the attached exhibits, thus, she "cannot be bound by allegations in the superseded complaint." *W. Run*, 712 F.3d at 173. As such, the initial exhibits have not been considered in deciding the motion to dismiss.

Courts of Appeals have overwhelmingly held that the FTCA does not provide a private right of action. *See, e.g.*, *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."); *Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992) ("[T]here is no private right of action under [the FTCA]."); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174 n.5 (11th Cir. 1985) (rejecting private right of action under FTCA); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) (same). This Court finds those decisions persuasive.

Further, numerous courts in this district have also held that the FTCA does not provide a private right of action. *See, e.g.*, *Taggart v. GMAC Mortg., LLC*, 2012 WL 5929000, at *6 (E.D. Pa. Nov. 26, 2012) ("[P]rivate parties are not authorized to file enforcement actions, only the FTC has that authority."); *Vino 100, LLC v. Smoke on the Water, LLC*, 864 F. Supp. 2d 269, 281 (E.D. Pa. 2012); *Mercy Health Sys. of Se. Pa. v. Metro. Partners Realty LLC*, 2002 WL 1774060, at *2 (E.D. Pa. July 29, 2002) (rejecting an implied private right of action under the FTC's franchise disclosure rules, which were enacted pursuant to the FTCA); *Zhang v. Se. Fin. Grp., Inc.*, 980 F. Supp. 787, 796 (E.D. Pa. 1997). In light of the FTCA's express language providing the Commission the authority to enforce the statute, the absence of any express language in the statute providing a private remedy, and the extensive case law determining that there is no private right of action, this Court finds that the FTCA does not provide a private right of action. Accordingly, Exeter's motion to dismiss the FTCA claim is granted.

### *Plaintiff's Fair Debt Collection Practices Act ("FDCPA") Claims*

At Counts II–VII, Pressley asserts claims under the FDCPA. The FDCPA protects consumers against abusive debt collection practices "by imposing affirmative requirements on debt

6

collectors and prohibiting a range of debt-collection practices." *Rotkiske v. Klemm*, — U.S. —, 140 S. Ct. 355, 358 (2019) (citing, 15 U.S.C. § 1692n–j). Specifically, the statute prohibits communicating with someone more than once to acquire a consumer's location information, (§ 1692b); communicating with a consumer about a debt at an unusual or inconvenient time, (§ 1692c); engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," (§ 1692d); and using any "false, deceptive, or misleading representation or means in connection with the collection of any debt," (§ 1692e). "Creditors—as opposed to 'debt collectors'—generally not subject to the [FDCPA]." *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) (quotations omitted). Exeter argues that it is not liable under the FDCPA because it is a creditor and not a debt collector subject to the FDCPA.[4]

The FDCPA defines "debt collector" as any person who (1) "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" (the "principal purpose" definition), or (2) "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (the "regularly collects" definition). 15 U.S.C. § 1692a(6). The statute defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed," but excludes from the definition "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* § 1692a(4).

---

[4] Exeter asks this Court to consider a retail installment contract between Pressley and Carmax, presumably a business that sold a car to Pressley. The contract is attached to the motion to dismiss and shows the assignment of the contract to Exeter on the same day as its origination. [ECF 12-1]. Pressley's amended complaint, however, unlike the complaint in *Pension*, does not explicitly reference or rely on the contract, nor does it use the contract's terms. *See* 998 F.2d at 1196. The amended complaint is not based on the contract for the purchase of the car, but rather on Exeter's communications regarding debt collection. Thus, the contract is not integral to Pressley's amended complaint. *See Schmidt*, 770 F.3d at 249. As such, this Court will not consider the contract for the purposes of deciding the motion to dismiss.

Initially, the Third Circuit considered creditors and debt collectors to be mutually exclusive. *FTC v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007).[5] However, in *Henson v. Santander*, the United States Supreme Court rejected the Third Circuit's "default" test to distinguish between a creditor and debt collector, noting that "while the statute surely excludes from the debt collector definition certain persons who acquire a debt before default, it doesn't necessarily follow that the definition must include anyone who regularly collects debts acquired after default." — U.S. —, 137 S. Ct. 1718, 1724 (2017). Thus, courts no longer consider creditors and debt collectors mutually exclusive. *See Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 266 (3d Cir. 2019); *Tepper*, 898 F.3d at 366 (noting that the Act includes in the definition of "debt collector" a creditor who uses "any name other than [its] own which would indicate that a third person is collecting or attempting to collect" debts owed to the creditor).

The *Henson* Court conducted a "careful examination of the statutory text" and focused on the second, "regularly collects" definition of debt collector, noting that "[b]y its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself." 137 S. Ct. at 1721. The Court held that the defendant did not fit the "regularly collects" definition because it did not "regularly seek to collect debts 'owed . . . another.'" *Id.* "All that matters" under the "regularly collects" definition, the Court concluded, "is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'" *Id.* Notably, the *Henson* Court explicitly declined to address the first, "principal purpose" definition. *Id.* Since *Henson*, the Third Circuit has held that

---

[5] In *Check Investors*, the Third Circuit distinguished between creditors and debt collectors based "on the status of the debt at the time it was acquired." 502 F.3d at 173. Specifically, the *Check Investors* court held that "one attempting to collect a debt is a 'debt collector' under the FDCPA if the debt in question was in default when acquired," whereas "an entity is a creditor if the debt it is attempting to collect was not in default when it was acquired." *Id.*

debt buyers whose principal purpose is to collect the defaulted debts they purchase fall under the "principal purpose" definition, regardless of "whether the entity owns the debts it collects." *Tepper*, 898 F.3d at 371; *see also Barbato*, 916 F.3d at 267 ("As long as a business's *raison d'être* is obtaining payment on the debts that it acquires, it is a debt collector.").

In her amended complaint, Pressley fails to allege any facts that place Exeter within either definition of debt collector. Pressley merely alleges that Exeter engages "in consumer debt collection activities throughout the United States" and "regularly attempt[s] to collect debts by contacting Plaintiff by telephone, U.S. mail, and other instrumentalities of interstate commerce." (Am. Compl., ECF 8, at pp. 5–6). Pressley does not allege facts indicating that Exeter's "principal" business is debt collection, as required under the "principal purpose" definition, or that the debt Exeter seeks to collect is "due another," as required by *Henson* under the "regularly collects" definition.

Moreover, to state a claim under the FDCPA, "a plaintiff must establish that '(1) [s]he is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA . . . .'" *Figueroa v. Commonwealth Fin. Sys.*, 2022 WL 605443, at *3 (E.D. Pa. Mar. 1, 2022) (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015)). Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) ("Without specific facts, including but not limited to: (1) the nature of the debt; (2) the amount of the debt; (3) the dates and times [plaintiff] was contacted regarding the debt; and (4) the method and content of these communications, [plaintiff] has not stated a plausible claim under the FDCPA."); *Astarita v. Solomon & Solomon, PC*, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's [c]omplaint

is utterly devoid of any factual content—such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt—which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA.").

In her amended complaint, Pressley provides no averments regarding the origin of the debt, the nature of the debt at issue, the current amount of the debt, whether the debt is in default, or the dates and times Exeter contacted Pressley regarding the debt.  The amended complaint merely recites the language of the statute without providing any factual content to allow this Court to draw a reasonable inference that Exeter is a debt collector subject to the FDCPA.  In short, Pressley fails to set forth the necessary facts to support her claims.  Pressley's FDCPA claims, therefore, are dismissed.

**CONCLUSION**

For the foregoing reasons, Exeter's motion to dismiss Pressley's claims against it under the FTCA and the FDCPA is granted.  An Order consistent with this memorandum opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.